

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| GONZALO PUGA,<br><br>　　　　Plaintiff,<br><br>VS.<br><br>WILLIAMSON-DICKIE MANUFACTURING COMPANY, ET AL.,<br><br>　　　　Defendants. | §<br>§<br>§<br>§<br>§　NO. 4:09-CV-335-A<br>§<br>§<br>§<br>§<br>§ |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Now before the court are the following motions filed in the above-captioned action: motion for summary judgment and motion for judgment on the pleadings filed by defendants, Williamson-Dickie Manufacturing Company and Williamson-Dickie Latin America Sales Company, and motion of plaintiff, Gonzalo Puga, for leave to file amended pleadings. Having considered the motions and the applicable responses and replies, as well as the pleadings and pertinent legal authorities, the court concludes that the motion for summary judgment and motion for judgment on the pleadings should be granted, and the motion for leave to amend pleadings should be denied.

I.

## Plaintiff's Claims

Plaintiff commenced this litigation in state district court on February 22, 2008, bringing claims for breach of contract, quantum meruit, and promissory estoppel. On May 29, 2009, plaintiff filed his second amended petition ("Petition"), adding additional causes of action for alleged violations of the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161, et seq., and the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1332, et seq., claims for ERISA benefits, and a violation of 42 U.S.C. § 1981. The Petition makes the following factual allegations, stated here in their entirety aside from their paragraph numbers:

> Puga was an employee of WD [defendants], and WD was Puga's employer. WD retained Puga as a "sales representative" in 1991. It paid Puga a straight commission of 7%. In 1993, WD had Puga close his other business as a condition of continued employment. Also in 1993, WD assigned Puga an employee ID number. Also in 1993, WD began to pay for Puga's office and expenses in Mexico. Finally, in 1993 Puga asked to participate in WD's 401K and other employee benefit programs. WD said no. On July 11, 1994, WD, by and through Mr. Dan Bickle, Vice President International Sales, wrote a "to-whom-it-may concern" letter that reads in pertinent part as follows: <u>"[Puga] is an employee and representative of [WD]."</u> Bickle "ccd" this letter to a certain Edward R. Meza, International Sales (Mexico). Bickle wrote a similar letter on December 4, 1994—which, parenthetically, was notarized by the

>Mexican consulate in Dallas. Bickle sent a memo dated March 5, 1998 to "all salesmen" at WD outlining these employees' compensation plan. One of the recipients was Puga. On August 25, 2000[] Mr. Moine West, General Manager for Mexico Sales & Distribution, emailed Puga advising him to close his personal and house accounts with WD. In support, West gave Puga the following explanation—"<u>the focus of your job is to attend to the needs of our [WD] customers, not be one.</u>" On December 10, 2002, West sent an email to Puga demanding to know the details of his schedule. On July 28, 2005, West sent an email to Puga critical of his appearance at an exposition with his sons. On November 9, 2005, WD sent out a memo to "All Associates" advising them of Medicare Part D Benefits. WD sent this memo to Puga. In 2006, WD gave Puga an "annual review." WD discharged Puga on September 7, 2007.

Pet. at 3-4. Defendants removed the case on the basis of the federal questions pleaded in the Petition.

II.

The Instant Motions

On August 4, 2009, defendants filed their motion for summary judgment as to plaintiff's claims for breach of contract, quantum meruit, and promissory estoppel, and filed a motion for partial judgment on the pleadings as to plaintiff's remaining claims. Plaintiff failed to respond to the summary judgment motion but filed a response to the motion for judgment on the pleadings, to which defendants filed a reply.

On September 14, 2009, plaintiff filed a motion for leave to file an amended pleading, to which defendants filed a response.

3

III.

Analysis

A.  Motion to Amend

Rule 15(a) of the Federal Rules of Civil Procedure requires the court to "freely give leave [to amend] when justice so requires." See also Foman v. Davis, 371 U.S. 178, 182 (1962); Lyn-Lea Travel Corp. v. Am. Airlines, Inc., 283 F.3d 282, 286 (5th Cir. 2002). While Rule 15 imparts a "bias" in favor of granting leave to amend, such leave is not automatic. Price v. Pinnacle Brands, Inc., 138 F.3d 602, 607-08 (5th Cir. 1998). "In deciding whether to allow amendment, a district court 'may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.'" Id. at 608 (quoting In re Southmark Corp., 88 F.3d 311, 314-15 (5th Cir. 1996)).

The proposed amended complaint ("Proposed Complaint") seeks to: (1) substitute the word "race" in place of "national origin" in plaintiff's claims pursuant to § 1981; and (2) delete plaintiff's claims of breach of contract, quantum meruit, and promissory estoppel. In opposition, defendants contend that: (1)

4

the motion should be denied due to undue delay, as plaintiff waited nearly two years from the date he commenced the litigation to attempt to amend his § 1981 claim; (2) plaintiff attempts to amend his § 1981 claim in bad faith; and (3) the factual allegations concerning the COBRA and ERISA violations are unchanged from the Petition and still fail to state a claim upon which relief may be granted, thus rendering the amendment futile. The court finds futility to be the critical issue.

Futility, as applied to a proposed amended complaint, "mean[s] that the amended complaint would fail to state a claim upon which relief could be granted." Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 873 (5th Cir. 2000). Because the Proposed Complaint suffers from the same lack of factual content as the Petition, the court agrees that amendment would be futile and is denying the motion to amend on that basis, as explained in detail in Section III.C., infra. As the court finds defendants' futility argument dispositive, it need not consider the other grounds opposing the motion to amend.

B.  Motion for Summary Judgment

Defendants moved for summary judgment on plaintiff's claims of breach of contract, quantum meruit, and promissory estoppel. Plaintiff failed to respond to the summary judgment motion. The

5

court's initial review of defendants' motion leads to the conclusion that it has merit. Inasmuch as plaintiff deleted these three claims from his Proposed Complaint, they would have been deemed abandoned had the court granted leave to file. Accordingly, the court considers plaintiff's intentional omission of his claims for breach of contract, quantum meruit, and promissory estoppel from the Proposed Complaint to be a recognition that those claims are without merit. Therefore, the court is granting defendants' motion for summary judgment as to those claims.

C.  Motion for Judgment on the Pleadings

Rule 12(c) provides, in pertinent part, that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The motion is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. See Hebert Abstract Co. v. Touchstone Props., Ltd., 914 F.2d 74, 76 (5th Cir. 1990). The standard for reviewing a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6). See Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008). In considering a motion for judgment on the pleadings, the

6

> central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. Although we must accept the factual allegations in the pleadings as true, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."

Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007))(remaining internal citations omitted).

In evaluating whether the complaint states a valid claim for relief, the court construes the allegations of the complaint favorably to the pleader. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). However, the court does not accept conclusory allegations or unwarranted deductions of fact as true. Bell Atlantic, 550 U.S. at 555 (stating that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (citations, brackets, and quotation marks omitted)); Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992). On a motion to dismiss (or for judgment on the pleadings), courts "are not bound to accept as true a legal conclusion couched as a factual allegation."

7

Papasan v. Allain, 478 U.S. 265, 286 (1986). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. After considering the Petition, the court concludes that the speculative level is exactly where plaintiff's claims remain.

1. Claims Under COBRA[1]

COBRA states that "[t]he plan sponsor of each group health plan shall provide, in accordance with this part, that each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event is entitled, under the plan, to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161(a). With respect to termination of employment as a qualifying event, a "qualified beneficiary" includes a "covered employee," id. at § 1167(3)(B), defined as "an individual who is (or was) provided coverage under a group health plan. . . ." Id. at (2).[2]

Plaintiff's COBRA claim is filled with the type of legal conclusions masquerading as factual allegations insufficient to

---

[1] Plaintiff offered no response to defendants' argument that he failed to state a claim of entitlement to benefits under COBRA.

[2] Plaintiff also alleges that 29 U.S.C. § 1166(a)(1) obligated defendants to provide him written notice of his right to coverage "upon commencement of [his] eligibility under" its plans. Pet. at 6. That statutory section actually requires such notice "at the time of commencement of coverage." As plaintiff was never covered under defendants "plans," he was never entitled to written notice.

state a claim for relief. By way of example, plaintiff alleged defendants "had a number of 'employee benefit plans'" and was "a plan sponsor," and that the "plan administrator is the 'administrator' of the Plan," as those terms are defined in the statute, and alleged that he was "eligible to participate in those plans." Pet. at 5-6. Missing from the Petition are any factual allegations supporting these conclusory assertions.

Further, in attempting to allege COBRA violations, plaintiff, by asserting only that he was "eligible" to participate in unspecified "plans," has instead pleaded himself out of a cause of action. An individual who never had coverage under an employer's group health plan cannot be a "covered employee" entitled to notice under COBRA. Kobold v. Aetna U.S. Healthcare, Inc., 258 F. Supp.2d 1317, 1324-25 (M.D. Fla. 2003). As plaintiff has alleged that he was eligible to be, but never was, a "covered employee," he has failed to state a claim for benefits under COBRA.

2. Claims of ERISA Violations and Benefits

Defendants contend that they are entitled to judgment on the pleadings as to plaintiff's claims arising under ERISA because he has failed to allege that he has standing to bring such claims,

9

specifically, by alleging that he was a "participant" or "beneficiary" as defined in the statute. The court agrees.

Plaintiff alleges causes of action pursuant to 29 U.S.C. §§ 1132(a)(1)(B), 1140, and 1141. As an initial matter, § 1141 contains no private right of action, but is instead a criminal provision, the enforcement of which is the exclusive prerogative of the Attorney General. West v. Butler, 621 F.2d 240, 244 (6th Cir. 1980); Maxfield v. Central States, Se. and Sw. Areas Health, Welfare and Pension Funds, 559 F. Supp. 158 (D.C. Ill. 1982). Accordingly, plaintiff cannot state a claim under § 1141.

Plaintiff's claims under §§ 1132 and 1140 fare no better. To have standing to bring an ERISA claim under either section, the claimant must be either a "participant" or "beneficiary."[3] 29 U.S.C. § 1132(a)(1), § 1140. An ERISA "participant" is

> any employee or former employee of an employer...who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer..., or whose beneficiaries may be eligible to receive any such benefit.

Id. at § 1002(7). A "participant" includes

> former employees who have a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits. In order to establish that he

---

[2] As plaintiff does not claim to be a "beneficiary" under ERISA, the court need not consider that issue.

10

> or she may become eligible for benefits, a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future.

Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 117-18 (1989)(internal citations, quotation marks, and ellipses omitted). Thus, plaintiff must allege sufficient facts to create a plausible inference that he has a colorable claim for benefits.

The difficulty for plaintiff is that he has not only failed to plead facts alleging a "colorable claim for benefits," he has instead pleaded that he was not a participant. Plaintiff pleads, in conclusory fashion, that he was "entitled to participate in various of [defendants'] ERISA-regulated employee benefit plans," Pet. at 8, but that defendants misclassified him as an independent contractor "for the specific purpose of keeping him from participating" in any such benefit plans. Id. at 7-8. As with his COBRA claims, plaintiff thus alleges that he was entitled to, but never did, participate in an ERISA plan.

Also impeding plaintiff from making a "colorable claim for benefits" is the absence of factual allegations in the Petition as to the existence of any specific "ERISA-regulated employee benefit plans" or plaintiff's eligibility to participate therein. As to the latter, the Petition makes clear that plaintiff cannot

11

allege such facts, as he anticipates "obtaining copies of the relevant plan documents during the course of discovery and reviewing them to assess the eligibility factors contained therein." Id. at 8.

In his response, plaintiff relies on Vizcaino v. Microsoft Corp., 97 F.3d 1187 (9th Cir. 1996), aff'd on reh'g, 120 F.3d 1006 (9th Cir. 1997)(en banc), and Burditt v. Kerr-McGee Chem. Corp., 982 F. Supp. 404 (N.D. Miss. 1997), for the proposition that the court must resolve whether plaintiff was an employee or independent contractor before considering the question of standing. Plaintiff's reliance on these cases is misplaced. The dispositive question in each of the cases cited by plaintiff was not whether the claimants were employees but whether, considering them as employees, they were eligible to participate in an ERISA plan according to the specific terms of the plan under consideration. Unlike those cases, no benefit plan is before the court, because plaintiff has not identified such a plan nor provided the court with its terms. Concluding that plaintiff was defendants' employee would not cure the lack of pertinent facts in the Petition, as

> [t]o state a claim for benefits under an ERISA plan that is "plausible on its face," the plaintiff[] must do more than allege that [he is an] employee[] of the

12

> defendants. While participants in a plan are
> necessarily employees, see 29 U.S.C. § 1002(b), it is
> not the case that employees are necessarily
> participants in a plan. ERISA does not require
> employers to establish plans at all, nor, if they do,
> to make the plans available to all employees.
> Consequently, the plaintiff[] must set forth sufficient
> factual allegations to make plausible a conclusion that
> [he] fall[s] within the terms of a particular ERISA
> plan and, thus, [is] entitled to seek to enforce those
> terms under § 1132(a)(1)(B). [He has] not done so.

Curran v. Fedex Ground Package System, Inc., 593 F. Supp.2d 341, 344 (D. Mass. 2009)(internal citations omitted)(holding plaintiffs/independent contractors' allegations that they were "employees," absent factual allegations of an ERISA plan for which plaintiffs met the eligibility requirements, insufficient to state a claim upon which relief may be granted). Even accepting that plaintiff was an "employee," rather than an independent contractor, he has still failed to set forth any factual allegations to make plausible a conclusion that he falls within the terms of a particular ERISA plan. All plaintiff has done, with respect to his ERISA claims, is recite "labels and conclusions" and engaged in the type of "formulaic recitation of the elements of a cause of action" rejected as insufficient by Bell Atlantic. Plaintiff's allegations amount to an admission that he has no knowledge of his eligibility to participate in any ERISA plans, was never a participant in such plan, and thus has

13

no standing to bring claims under ERISA. See Cobb v. Central States, 461 F.3d 632, 638 (5th Cir. 2006). Accordingly, plaintiff has failed to state a claim for ERISA violations or for ERISA benefits.[4]

### 3. Plaintiff's Claims Under § 1981

To establish a claim under § 1981, a plaintiff must allege facts to show: (1) he is a member of a racial minority; (2) an intent by defendant to discriminate on the basis of race; and (3) the discrimination concerns one or more of the activities enumerated in the statute. See Green v. State Bar of Tex., 27 F.3d 1083, 1086 (5th Cir. 1994).

In their briefs, the parties argue only whether alleging discrimination based on plaintiff's "national origin" (identified as "Latino") is tantatmount to pleading racial discrimination as required for a claim pursuant to § 1981. Without reaching this question, the court concludes that plaintiff has failed to plead sufficient factual allegations to raise this claim above the speculative level. Nowhere in the Petition does plaintiff allege facts to support his conclusory assertions that defendants

---

[3]It appears from the face of the pleadings that, as urged by defendants, plaintiff has failed to exhaust his administrative remedies as to any ERISA plans, and that such is an additional reason for granting the motion for judgment on the pleadings. Meza v. General Battery Corp., 908 F.2d 1262, 1279 (5th Cir.1990)(plaintiff may not make initial claim for benefits in a lawsuit). Finding dispositive plaintiff's lack of standing, the court need not address this argument.

14

intended to discriminate against him on the basis of race. For example, plaintiff's conclusory contention that "similarly-situated employees at [defendants] who were not Latino were treated more favorably than [plaintiff] under similar circumstances," Pet. at 9, bears no relation to, nor finds support in, any of the factual allegations set forth in the Petition. The court could continue with each assertion as to plaintiff's § 1981 claim, but the result is the same: plaintiff's conclusory allegations, absent any factual underpinnings, fail to state a claim for relief under § 1981. See Green, 27 F.3d at 1086. To reiterate, the court need not accept as true legal conclusions such as those in the Petition couched as factual allegations. Papasan, 478 U.S. at 286. Plaintiff has failed to allege sufficient facts to raise his right to relief beyond the speculative level.

Plaintiff relies on Lormand v. US Unwired, Inc., 565 F.3d 228 (5th Cir. 2009), for the general proposition that "[n]otice pleading has been in effect for about 70 years, and it remains good law." Pl.'s Br. in Opp'n. to Defs.' Mot. for Partial J. on the Pleadings at 6. Plaintiff's reliance on Lormand is misplaced, as nothing in that opinion alters the requirement that a plaintiff plead more than "labels and conclusions" or offer more

than "a formulaic recitation of the elements of a cause of action." <u>Bell Atlantic</u>, 550 U.S. at 555. The Petition contains little more than legal conclusions couched as factual allegations, none of which are sufficient to state a plausible claim for relief.

Therefore,

The court ORDERS that:

(1) Plaintiff's motion to amend be, and is hereby, denied.

(2) Defendants' motion for summary judgment be, and is hereby, granted.

(3) Defendants' motion for judgment on the pleadings be, and is hereby, granted.

(4) All claims and causes of action asserted by plaintiff against defendants be, and are hereby, dismissed with prejudice.

SIGNED October 16, 2009.

JOHN McBRYDE
United States District Judge

16